THE ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, OF ZURICH, SWITZERLAND, Respondent, *v.* UNION FERRY COMPANY OF NEW YORK AND BROOKLYN, Appellant.

Second Department, October 28, 1921.

Trial — action to recover insurance premium — defense of mutual mistake — prejudicial error to charge that unless fraud is shown on part of plaintiff jury should find for plaintiff.

In an action to recover an insurance premium wherein the sole defense was that of mutual mistake in the issuance of the policy, it was prejudicial error for the court to charge that unless the jury found that the plaintiff had committed fraud in the issuance of the policy, they should return a verdict for it, since there was no issue of fraud but only of alleged mutual mistake.

APPEAL by the defendant, Union Ferry Company of New York and Brooklyn, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 25th day of February, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 11th day of March, 1921, denying defendant's motion for a new trial made upon the minutes.

*George P. Hotaling,* for the appellant.

*Alfred W. Andrews,* for the respondent.

PER CURIAM:

Through a broker the defendant had procured a policy from plaintiff which combined insurance against two distinct risks for the period of one year from June 30, 1916, to June

30, 1917, at midnight.   These were workmen's compensation insurance, and employer's liability.   In the present action for recovery of premium (which was to be finally fixed by audit of defendant's payrolls), defendant claimed a mutual mistake, in that it had sought only for protection for the payments that it might have to make under the Workmen's Compensation Law, which liability, under section 50, such an employer may insure in the State fund, or with an authorized insurance company. (See Workmen's Compensation Law, § 10; Id. §§ 11, 50, as amd. by Laws of 1916, chap. 622.)   After the court had charged the jury upon this issue of fact, whether the policy delivered was the kind negotiated for, and had said that in the absence of negligence acceptance of such policy did not bar defendant from showing that it was not the intended contract, plaintiff's counsel requested this instruction to the jury: " That unless they find some evidence of fraud on the part of the plaintiff in issuing this contract — if they find the other matters, that the plaintiff has shown its case by a fair preponderance of the evidence — that the plaintiff is entitled to a verdict. The Court: Including all that you have requested, I will so charge."   Defendant's counsel duly excepted.   This was error. Here was no charge of fraud, but an issue of alleged mistake or inadvertence.   With jurors' natural reluctance to brand a party to such a litigation with reproach of fraud, the effect of this instruction must have been prejudicial.   Hence, for such error, the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

Blackmar, P. J., Mills, Putnam, Kelly and Manning, JJ., concur.

Judgment and order reversed and a new trial granted, with costs to appellant to abide the event.